UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00106-HBB

**SUSAN D.**[1]                                                                                                                            **PLAINTIFF**

**VS.**

**LELAND DUDEK, ACTING
COMMISSIONER SOCIAL SECURITY**[2]                                        **DEFENDANT**

**MEMORANDUM OPINION
AND ORDER**

### I.    BACKGROUND

Before the Court is the Complaint (DN 1) of Susan D. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff and Defendant have filed briefs (DN 14, 16). For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered December 9, 2024 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted as the defendant in this suit.

## II.     FINDINGS OF FACT

On November 15, 2021, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 17, 189-91, 192-93). Plaintiff alleged that she became disabled on December 1, 2019, as a result of back pain, arthritis, insulin dependent diabetes, right rotator cuff issues, feet problems, and breast cancer (Tr. 17, 75, 82). The application was denied initially on July 8, 2022, and upon reconsideration on September 29, 2022 (Tr. 17, 74, 88, 89).[3] On December 21, 2022, Plaintiff filed a written request for hearing (Tr. 106-07).

On August 22, 2023, Administrative Law Judge Flora Vinson ("ALJ") conducted a telephone hearing (Tr. 17, 33). Plaintiff and her counsel, Jessica Baker, participated and Plaintiff testified during the hearing (*Id.*). Tricia Muth, an impartial vocational expert, participated and testified during the hearing (*Id.*).

In a decision dated November 8, 2023, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 17-25). The ALJ indicated that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023 (Tr. 19). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 1, 2019, the alleged onset date (*Id.*). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the thoracic spine; degenerative joint disease of the right shoulder; obesity; and history of left breast cancer (*Id.*). The ALJ also determined that Plaintiff has the following non-severe impairments: diabetes mellitus; obstructive sleep apnea; hypertension;

---

3 The ALJ indicates the application was denied upon reconsideration on November 2, 2022 (Tr. 17). As the Disability Determination Explanation and the Disability Determination and Transmittal both indicate September 29, 2022 (Tr. 88, 89), the undersigned has used that date.

2

vitamin D deficiency; hyperlipidemia; gastroesophageal reflux disease ("GERD"); and the presence of a pulmonary nodule (Tr. 20). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (*Id.*).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except for the following additional limitations: Plaintiff can occasionally reach overhead with her right upper extremity; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch or crawl; she should not work at unprotected heights or with dangerous unprotected moving mechanical parts; and she should not work in extreme cold, extreme heat, or with vibration (Tr. 21). The ALJ concluded that Plaintiff is capable of performing her past relevant work as a data entry clerk (Dictionary of Occupational Titles ["DOT"] No. 203.582-054, semi-skilled [SVP 4] sedentary work) as this work is actually and generally performed (Tr. 25). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from December 1, 2019, through November 8, 2023, the date of the decision (*Id.*).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 186-88). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

### III.  CONCLUSIONS OF LAW

#### A.  Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680,

683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

### B. The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities. 42 U.S.C. § 401 et seq. (Title II Disability Insurance Benefits). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 20 C.F.R. § 404.1505(a); *Barnhart v. Walton*, 535 U.S. 212,

4

214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

    1)    Is the claimant engaged in substantial gainful activity?

    2)    Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

    3)    Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

    4)    Does the claimant have the RFC to return to his or her past relevant work?

    5)    Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 404.1520(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fourth step.

### C. Closed Period of Disability

Plaintiff argues the ALJ erred by failing to consider whether Plaintiff was entitled to a closed period of disability due to breast cancer (DN 13 PageID # 1678-82; DN 14 PageID # 1693-96) (citing *George T. v. Comm'r of Soc. Sec.*, No. 3:23-cv-00084, 2024 WL 655537, at *6 (S.D. Ohio Feb. 15, 2024)). Plaintiff asserts the period of disability began in October 2021 and ended after she underwent reconstruction surgery on January 25, 2023 (DN 13 PageID # 1680; DN 14 PageID # 1693-94). Plaintiff contends that "[t]he ALJ's seeming dismissal of breast cancer due to successful completion of treatment demonstrates the ALJ's failure to consider a

closed period of disability" (DN 14 PageID # 1694-95). Relatedly, the ALJ's reliance on limitations expressed by Dr. Corpus was imprudent because the examination occurred shortly before she underwent the chemo and radiation therapies (DN 13 PageID # 1680-81; DN 14 PageID # 1695) (citing Tr. 23-24, 569, 726, 1382). Plaintiff indicates while undergoing the chemo and radiation therapy she experienced nausea, confusion, and being easily fatigued (DN 14 PageID # 1695) (citing Tr. 56, 570, 1387, 1392, 1397, 1407, 1412). Plaintiff alleges had the ALJ properly considered the frequency and side effects of treatment along with the vocational expert's testimony about missing work and being off task, a finding of disability for a closed period may have been warranted (DN 14 PageID # 1695-96).

Defendant responds there was no need for the ALJ to address a closed period claim because Plaintiff did not demonstrate there was a continuous twelve-month period of disability during the time frame October 2021 and January 2023 (DN 16 PageID # 1703-06) (citing *Nash v. Comm'r of Soc. Sec.*, No. 19-6321, 2020 WL 6882255, at *6 (6th Cir. Aug. 10, 2020)). Additionally, Defendant points out that Plaintiff did not make a claim for a closed period of benefits during the administrative process, yet she now argues that she is entitled to an explanation why she did not qualify for this period of disability (*Id.* at PageID # 1703-04).

In pertinent part, the applicable regulation defines the term "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death *or which has lasted or can be expected to last for a continuous period of not less than 12 months*[.]" 42 U.S.C. § 423(d)(1)(A) (emphasis added). Thus, a finding of disability is contingent upon a claimant satisfying the twelve-month durational requirement in the regulation. *See George T. v. Comm'r of Soc. Sec.*, No. 3:23-cv-

00084, 2024 WL 655537, at *6 (S.D. Ohio Feb. 15, 2024) (citing 42 U.S.C. § 423(d)(1)(A)).

In *Myers v. Richardson*, the Sixth Circuit commented, although "[t]he [Social Security Act] itself does not provide for a closed period of benefits . . . we think it clear that such a closed period of benefits may be awarded." 471 F.2d 1265, 1267 (6th Cir. 1972). Additionally, Social Security's Program Operations Manual System ("POMS") explains:

> A claimant may be entitled to a closed period of disability if the evidence shows he or she was disabled or blind for a continuous period of not less than 12 months, but based on the evidence is no longer disabled or blind at the time of adjudication.

SSA POMS DI 25510.001(B).[4] Consequently, once a claimant satisfies the twelve-month durational requirement, she may be entitled to benefits from the time her disability commences until such time as the disability ceases. *See Lang v. Sec'y of Health & Human Servs.*, No. 88-1561, 1989 WL 40188, at *2 (6th Cir. Apr. 12, 1989); *Howse v. Heckler*, 782 F.2d 626 (6th Cir. 1986); *George T.*, 2024 WL 655537, at *6.

While an administrative law judge does not need to expressly indicate whether a closed period of disability is warranted, the analysis in the decision must indicate consideration has been given to each period during which the claimant may have been disabled. *See George T.*, 2024 WL 655537, at *6. Here, Plaintiff's position is premised on the following passage within the ALJ's decision:

> The claimant has a history of breast cancer. In November 2021, the claimant was diagnosed with breast cancer. She underwent a lumpectomy on December 16, 2021. There was a positive margin for DCIS, so the claimant underwent a left mastectomy in January 2022. She started chemotherapy in March 2022 and completed chemotherapy in May 2022. She completed radiation therapy in

---

4 Although the Agency's POMS lacks the force and effect of law, it is considered persuasive authority. *See Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989); *Wohler v. Saul*, No. 1:19CV56, 2020 WL 1531296, at *13 (N.D. Ohio Mar. 31, 2020).

> July 2022. Ex. 21F/25, 39, 44. In November 2022, the claimant was told that she was cancer free. Ex. 21F/14. In January 2023, the claimant underwent reconstructive surgery. Ex. 21F/36.

(Tr. 22). Plaintiff asserts that "[t]he ALJ's summary focused on a successful outcome of treatment, ignoring entirely the length and side effects of the treatment itself" (DN 13 PageID # 1680-81). But Plaintiff fails to acknowledge the following paragraph in the ALJ's decision:

> In May, July, and August 2022, the claimant's oncologist, reported that the claimant could perform at an 80% level, specified as normal activity but requiring effort. Ex. 21F/57, 61, 67. In March 2023, the claimant's oncologist reported that the claimant could perform at a 90% level, specified as normal, only minor signs and symptoms. Ex. 21F/54. I find the opinions of the claimant's oncologist generally persuasive. Although the oncologist did not assert concrete functional limitations, her opinions are supported by her ongoing relationship with the claimant and her expertise as an oncologist. Moreover, I find that the oncologist's opinions are consistent with the claimant receiving radiation therapy during this time period. Ex. 21F/25, 39, 44.

(Tr. 24). When both paragraphs are considered together, the ALJ addresses the length and side effects of the post-mastectomy chemo and radiation treatment. In contrast to the *George T.* case cited by Plaintiff, the ALJ did consider all of the medical evidence relating to Plaintiff's proposed closed period (Tr. 22-24). *See George T.*, 2024 WL 655537, at *6-7. Therefore, *George T.* is inapposite. Moreover, the ALJ's conclusion that Plaintiff was not disabled clearly includes the finding that Plaintiff was not entitled to a closed period of disability. *See id.* at *7. Accordingly, there is no merit to Plaintiff's claim that the ALJ erred by failing to consider whether a closed period of disability is warranted.

Additionally, the Court observes that the record does not substantiate Plaintiff's general assertions about being entitled to a closed period of disability due to breast cancer. For example, Plaintiff's challenge to the persuasiveness of Dr. Corpus' opinion is a red herring. The

consultative physical examination and opinion addressed Plaintiff's claim of disability due to feet and back pain (Tr. 726-29). Another example, Plaintiff made no effort to substantiate her general assertion of disability from October through December 2021, and August 2022 to the reconstruction surgery on January 25, 2023. While Plaintiff has cited evidence of disability during the time frame March through July 2022, a six-month period is not sufficient to be eligible for a closed period of disability.

## IV.   CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

## V.   ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

May 12, 2025

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:     Counsel